UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYLEE DAVIDSON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EAGLE OUTFITTERS, INC.,<br><br>Defendant. | CASE NO. 2:26-cv-02425-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendant American Eagle Outfitters, Inc. to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction.

## I. BACKGROUND

This case is a proposed class action against American Eagle for allegedly sending emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1 at 16, 30–33. Plaintiff Brylee Davidson complains that American Eagle sends emails with subject lines that "misrepresent when [American Eagle's] purported sales end." *Id.* at 16. She alleges that the subject lines state that a "discount is limited in duration or ending soon (typically on a particular date)" but that these are false deadlines designed

to "convey that the advertised is only available for a limited period" when in fact, "after the specified time period ends," American Eagle either extends the sale "or replaces it with a materially similar sale offering materially similar discounts[.]" *Id.* at 17. Davidson contends that emails with such subject lines are "false and misleading" because "they convey that the discount will end on the specified date or at a time in the near future, and that the American Eagle Products will return to the list prices advertised on [American Eagle's] website unless the customer makes a purchase before that date, when in fact the American Eagle Products continue to be available at a similar (or even lower) price after the discount was supposed to expire." *Id.* at 18. Davidson alleges she received nearly 40 such emails and seeks to represent a class of "all Washington residents who received promotional emails from American Eagle with subject lines advertising time-limited sales or discounts on American Eagle Products." *Id.* at 24–25, 29. She avers in conclusory fashion that American Eagle's "acts and omissions injured [her] and Class Members" under CEMA and that those acts and omissions "caused injury" to her and Class members under the CPA. *Id.* at 31–32. Davidson seeks "the greater of actual damages and statutory damages of $500 per email that violates CEMA"; pre- and post-judgment interest; an injunction prohibiting American Eagle's "deceptive conduct"; and attorney's fees. *Id.* at 33.[1]

Davidson filed this suit in King County Superior Court on June 9, 2026. *Id.* at 14, 34. American Eagle timely removed the case to this Court, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"). *Id.* at 5–10. On July 29, 2026, American Eagle moved to stay the initial case management and discovery deadlines until the Court considered and resolved American Eagle's "forthcoming motions to transfer venue and compel arbitration." Dkt. No. 12 at 2. On August 25, 2026, the Court vacated the initial scheduling dates "pending the Court's

[1] Davidson does not allege that the emails at issue were unsolicited. *See generally id.* at 14–34.

determination of whether it has Article III jurisdiction over this case" and denied American Eagle's motion to stay as moot. Dkt. No. 16. On August 28, 2026, American Eagle filed a motion to stay pending the Ninth Circuit's decision in *Montes v. Penney OpCo, LLC*, No. 26-241. Dkt. No. 17.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. §1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, American Eagle bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact

requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Davidson seeks actual and statutory damages for each email sent in violation of CEMA, but does not allege any concrete injury. Dkt. No. 1 at 30–33. The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). But the legislature's creation of a statutory prohibition or obligation and a cause of action "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III[.]" *TransUnion*, 594 U.S. at 426.

While CEMA does not require that Davidson independently establish an injury in fact under Washington law, *see Brown*, 567 P.3d at 45, the Court "cannot treat an injury as 'concrete' for Article III purposes based only on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, an important difference exists between a plaintiff's *statutory* cause of action to sue a defendant over the defendant's violation of state law, and a plaintiff suffering *concrete harm* because of the defendant's violation of state law. *Id.* The Ninth Circuit has interpreted *TransUnion* to "require[] a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

It is not evident from the complaint or the notice of removal that Article III injury exists in this case. Accordingly, Lucky Strike is ordered to show cause why this case should not be remanded to state court. *TransUnion*, 594 U.S. at 426–27; *see also id.* at 427 ("But under Article III, an injury in law is not an injury in fact."). Accordingly, American Eagle is ordered to show cause why this case should not be remanded to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."); *see also, e.g.*, *Isbell v. Jonathan Adler Enterprises, LLC*, No. C25-2596-KKE, 2026 WL 2568556, at *2–3 (W.D. Wash. Aug. 31, 2026); *Stutsman v. Sirius XM Radio, LLC*, No. 2:25-cv-1113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026); *Rice v. Lucky Strike Ent. Corp.*, No. 2:25-CV-02467-LK, 2026 WL 2427407, at *2 (W.D. Wash. Aug. 19, 2026); *Aronson v. 5 Star Apparel LLC*, No. C25-2691JLR, 2026 WL 2332885, at *2–3 (W.D. Wash. Aug. 4, 2026); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *2–3 (W.D. Wash. July 31, 2026); *Carter v. Vineyard Vines, LLC*, No. CV ELH-25-3178, 2026 WL 1429258, at *14–26 (D. Md. May 21, 2026); *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025).[2]

## III. CONCLUSION

For the reasons stated above, American Eagle is ORDERED TO SHOW CAUSE by no later than September 18, 2026 why this case should not be remanded to state court for lack of Article III standing. Davidson may file an optional reply by September 25, 2026. Each party's brief shall contain no more than 2,800 words. The Court VACATES the noting date for American

[2] In its motion to stay, American Eagle notes that the Court granted a stipulated motion to stay pending *Montes* filed by the parties in another CEMA case. Dkt. No. 17 at 4. Here, Davidson does not agree to American Eagle's requested stay, Dkt. No. 18 at 2, nor is the Court persuaded (following deeper analysis of the issues presented in at least most CEMA cases) that any stay is warranted even with agreement of the parties.

Eagle's motion to stay, Dkt. No. 17, and will reset the briefing schedule if needed. Alternatively, because the record before the Court does not indicate that Article III standing exists, *see Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *1 (W.D. Wash. Mar. 30, 2026), the parties may stipulate to remand by September 18, 2026.

Dated this 4th day of September, 2026.

Lauren King
United States District Judge